UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

3M INNOVATIVE PROPERTIES COMPANY AND 3M COMPANY,

Plaintiffs,

v.

LOUIS M. GERSON CO., INC. AND GERSON PROFESSIONAL PRODUCTS, INC.,

Defendants.

CIVIL NO. 08-04960 JRT-FLN

**ANSWER OF DEFENDANTS**
**DEMAND FOR JURY TRIAL**

Louis M. Gerson Co., Inc. and Gerson Professional Products, Inc. (collectively "Gerson"), for their Answer to the Complaint of 3M Innovative Properties Company and 3M Company (collectively, "3M"), state and allege as follows:

1. Gerson admits the allegations in paragraph 1 of the Complaint.

2. Gerson admits the allegations in paragraph 2 of the Complaint.

3. Gerson admits the allegations in paragraph 3 of the Complaint.

4. Gerson admits the allegations in paragraph 4 of the Complaint.

5. Gerson admits under paragraph 5 of the Complaint that the claims alleged by 3M purport to arise under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*.

6. Gerson admits under paragraph 6 of the Complaint that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a).

7. Gerson denies that it has committed acts in and beyond Minnesota causing injury to 3M in Minnesota but otherwise admits under paragraph 7 of the Complaint that this Court has personal jurisdiction over Gerson under Minn. Stat. § 543.19.

8. Gerson admits the allegations of paragraph 8 of the Complaint.

9. Gerson admits under paragraph 9 of the Complaint that United States Patent No. 7,374,111 (the "'111 patent") entitled "Apparatus for Spraying Liquids, and Disposable Containers and Liners Suitable for Use Therewith" was issued by the United States Patent and Trademark Office on May 20, 2008 and that 3M Innovative Properties Company is identified on the face of the '111 patent as the assignee. Gerson is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 9 of the Complaint and therefore denies same.

10. Gerson re-alleges and incorporates all previous paragraphs as if fully stated herein.

11. Gerson denies the allegations of paragraph 11 of the Complaint.

12. Gerson denies the allegations of paragraph 12 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

13. 3M's Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

14. 3M's claims are barred, in whole or in part, because the patent in suit is not valid under 35 U.S.C. §§ 102,103 and/or 112.

## THIRD AFFIRMATIVE DEFENSE

15. 3M's claims are barred, in whole or in part, because Gerson does not directly infringe, contributorily infringe or induce others to infringe, any valid claims of the '111 patent.

## FOURTH AFFIRMATIVE DEFENSE

16. 3M's claims for damages are barred, in whole or in part, due to 3M's failure to comply with the requirements of 35 U.S.C. §287.

## FIFTH AFFIRMATIVE DEFENSE

17. 3M's claims are barred, in whole or in part, by the Doctrine of Estoppel, including, without limitation, prosecution history estoppel.

## SIXTH AFFIRMATIVE DEFENSE

18. 3M's claims are barred, in whole or in part, by the Doctrine of Waiver.

## SEVENTH AFFIRMATIVE DEFENSE

19. 3M's claims are barred, in whole or in part, by the Doctrine of Laches.

## EIGHTH AFFIRMATIVE DEFENSE

20. 3M's claims are barred by the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE

21. 3M's claims are barred, in whole or in part, by a covenant not to sue entered into between 3M and Gerson.

## TENTH AFFIRMATIVE DEFENSE

22. Gerson reserves all affirmative defenses under Rule 8 of the Federal Rules of Civil Procedure and any other defenses at law or in equity that my now or in the future be based on discovery or other factual investigation concerning this case.

## PRAYER FOR RELIEF

WHEREFORE, Gerson prays for the following Judgment:

a. Dismissal of this action and all claims against Gerson with prejudice;

b. That Gerson does not infringe any claims of the '111 Patent, directly, contributorily or by inducement;

c. That this case is exceptional and an order directing 3M to pay Gerson's reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

d. That Gerson be awarded its costs and reasonable attorney's fees as otherwise permitted by law or equity; and

e. Such other and further relief as the Court deems just and equitable.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Gerson hereby demands trial by a jury on all claims and issues so triable.

Dated: October 15, 2008

s/John A. Cotter

John A. Cotter (134296)
Thomas J. Oppold (326318)
Larkin Hoffman Daly & Lindgren Ltd.
1500 Wells Fargo Plaza
7900 Xerxes Avenue South
Minneapolis, Minnesota 55431
Phone: 952-835-3800
email: jcotter@larkinhoffman.com
email: toppold@larkinhoffman.com

James C. Donnelly, Jr.
John T. McInnes
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608-1477
Phone: 508-791-8500
email: jcdonnelly@mirickoconnell.com
email: jtmcinnes@mirickoconnell.com

Attorneys for Defendants Louis M. Gerson Co., Inc. and Gerson Professional Products, Inc.

1224037.2